1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  ALEX G. TSE (CSBN 152348)
   Chief, Civil Division
3  MICHAEL T. PYLE (CSBN 172954)
   Assistant United States Attorney
4  150 Almaden Boulevard, Suite 900
   San Jose, California 95115
5  Tel: (408) 535-5087 / Fax: (408) 535-5081
   Email: michael.t.pyle@usdoj.gov
6

7  *Attorneys for Defendant United States of America*

8  Lawrence R. Moore (SBN 84228)
   MULLEN & FILIPI, LLP
9  1776 West March Lane
   Suite 350
10 Stockton, California 95207-6433
   Tel: (209) 476-8491 / Fax: (209) 476-0426
11 Email: LMoore@mulfil.com

12 *Attorneys for Plaintiff Sentry Insurance Company*

13                 UNITED STATES DISTRICT COURT
14
                 NORTHERN DISTRICT OF CALIFORNIA
15
                   SAN FRANCISCO DIVISION
16
17 SENTRY INSURANCE COMPANY,              Case No. C 13-1771 KAW

18                 Plaintiff,

19 v.                                     **STIPULATION AND AGREEMENT OF
                                          COMPROMISE AND SETTLEMENT AND
20 UNITED STATES OF AMERICA,              [~~PROPOSED~~] ORDER**

21                 Defendant.

22

23       It is hereby stipulated by and between the undersigned Plaintiff and the UNITED STATES

24 OF AMERICA, by and through their respective attorneys, as follows:

25       WHEREAS, Plaintiff filed the above-captioned action on August 27, 2012;

26       WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and

27 to settle and compromise fully any and all claims and issues that have been raised, or could have

28

1  been raised in this action, which have transpired prior to the execution of this Settlement Agreement
2  ( "Agreement");

3      NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement,
4  and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties
5  agree as follows:

6      1. **Agreement to Compromise Claims**.  The parties do hereby agree to settle and
7  compromise each and every claim of any kind, whether known or unknown, arising directly or
8  indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and
9  conditions set forth in this Agreement.

10      2. **Definition of "United States of America**."  As used in this Agreement, the United States
11  of America shall include its current and former agents, servants, employees, and attorneys, as well as
12  the Stanley Eugene Pittman, the United States Marine Corps, the United States Navy, and/or their
13  current and former agents, servants, employees, and attorneys.

14      3. **Settlement Amount**.  The United States of America agrees to pay the sum of Twelve
15  Thousand Five Hundred dollars ($12,500.00) ("Settlement Amount"), which sum shall be in full
16  settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever
17  kind and nature, arising from, and by reason of any and all known and unknown, foreseen and
18  unforeseen subrogation claims, personal injuries, damage to property and the consequences thereof,
19  resulting, and to result, from the subject matter of this settlement, including any claims for wrongful
20  death, for which Plaintiff together with its current and former parent corporations; direct and indirect
21  subsidiaries; brother or sister corporations; divisions; current or former owners; and officers,
22  directors and affiliates; and the successors and assigns of any of them, now have or may hereafter
23  acquire against the United States of America.

24      4. **Release**.  Plaintiff together with its current and former parent corporations; direct and
25  indirect subsidiaries; brother or sister corporations; divisions; current or former owners; and officers,
26  directors and affiliates; and the successors and assigns of any of them agree to accept the Settlement
27  Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of
28  action of whatsoever kind and nature, including claims for wrongful death, arising from, and by

1  reason of any and all known and unknown, foreseen and unforeseen subrogation claims, personal

2  injuries, damage to property and the consequences thereof which they may have or hereafter acquire

3  against the United States of America on account of the same subject matter that gave rise to the

4  above-captioned action, including any future claim or lawsuit of any kind or type whatsoever,

5  whether known or unknown, and whether for compensatory or exemplary damages.  Plaintiff

6  together with its current and former parent corporations; direct and indirect subsidiaries; brother or

7  sister corporations; divisions; current or former owners; and officers, directors and affiliates; and the

8  successors and assigns of any of them further agree to reimburse, indemnify and hold harmless the

9  United States of America from and against any and all such causes of action, claims, liens, rights, or

10  subrogated or contribution interests incident to or resulting from further litigation or the prosecution

11  of claims by Plaintiff together with its current and former parent corporations; direct and indirect

12  subsidiaries; brother or sister corporations; divisions; current or former owners; and officers,

13  directors and affiliates; and the successors and assigns of any of them against any third party or

14  against the United States, including claims for wrongful death.

15       5. **Dismissal of Action**.  In consideration of the payment of the Settlement Amount and the

16  other terms of this Agreement, Plaintiff shall immediately upon execution of this Agreement also

17  execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A.  The Stipulation

18  of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been

19  asserted in this action.  The fully executed Stipulation of Dismissal will be held by Defendant's

20  attorney and will be filed within five (5) business days of receipt by Plaintiff's attorney of the

21  Settlement Amount.

22       6. **No Admission of Liability**.  This stipulation for compromise settlement is not intended to

23  be, and should not be construed as, an admission of liability or fault on the part of the United States,

24  and it is specifically denied that it is liable to the Plaintiff.  This settlement is entered into by all

25  parties for the purpose of compromising disputed claims and avoiding the expenses and risks of

26  further litigation.

27

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
No. C                                                  3

7. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

8. **Attorney's Fees**. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. **Authority**. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his [her] attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he/she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11. **Payment by Electronic Funds Transfer**. Payment of the settlement amount shall be deposited by electronic fund transfer to a bank account to be designated by Plaintiff. Plaintiff agrees to provide the banking and tax ID information requested by Defendant's counsel to effectuate the electronic fund transfer within five days of the execution of this Agreement. Plaintiff and his attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

12. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the Settlement Amount, Plaintiff or Plaintiff's counsel shall

1  be solely responsible for paying any such determined liability from any government agency.

2  Nothing in this Agreement constitutes an agreement by the United States of America concerning the

3  characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of

4  the United States Code.

5      13. **Construction**. Each party hereby stipulates that it has been represented by and has

6  relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has

7  had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and

8  understands all of the terms of the Agreement and the legal consequences thereof.  For purposes of

9  construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement

10  and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11      14. **Severability**. If any provision of this Agreement shall be invalid, illegal, or

12  unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any

13  way be affected or impaired thereby.

14  ///

15  ////

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ////

23  ///

24      15. **Integration**. This instrument shall constitute the entire Agreement between the parties,

25  and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered

26  into by the parties hereto with the advice of counsel, who have explained the legal effect of this

27  Agreement.  The parties further acknowledge that no warranties or representations have been made

28  on any subject other than as set forth in this Agreement.  This Agreement may not be altered,

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
No. C                                                            5

1  modified or otherwise changed in any respect except by writing, duly executed by all of the parties

2  or their authorized representatives.

3

4  DATED:
_____
Plaintiff, Sentry Insurance Company
By: _____
Its: _____

5

6

7  DATED: 9-17-13
MULLEN & FILIPPI, LLP

8  _____
LAWRENCE R. MOORE

9  Attorneys for Plaintiff Sentry Insurance Company

10

11

12  DATED: 9/17/13
MELINDA HAAG
United States Attorney

13

14  _____

15  MICHAEL T. PYLE
Assistant United States Attorney

16

17

18  PURSUANT TO STIPULATION, IT IS SO ORDERED.

19  Dated: ___9/24/13___

20  _____
HON. KANDIS A. WESTMORE
United States Magistrate Judge

21

22

23

24

25

26

27

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
No. C                                        6